IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JOSEPH M. TINNEY, | ) | |
| Debtor | ) | CASE NO. 20-10949-amc |
| STEWARD FINANCIAL SERVICES (C/O WESTLAKE PORTFOLIO MANAGEMENT), | ) | **HEARING DATE**: |
| Movant | ) | Tuesday, March 8, 2022 |
| | ) | 11:00 a.m. |
| vs. | ) | |
| JOSEPH M. TINNEY, Debtor and SUSAN P. TINNEY, Codebtor, | ) | **LOCATION**: U.S. Bankruptcy Court Eastern District of Pennsylvania |
| and | ) | Courtroom # 4 |
| KENNETH E. WEST, | ) | 900 Market Street |
| | ) | Philadelphia, PA 19107 |
| Trustee | ) | |

## STIPULATION

COME NOW, this ____ day of _____, 2022, *Joseph M. Tinney, debtor and Susan P. Tinney, codebtor*, through Debtor's attorney, **Brad J. Sadek, Esquire**, and Steward Financial Services (c/o Westlake Portfolio Management) ("Steward") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay and Codebtor Stay:

WHEREAS the Debtors own a 2012 Buick Enclave Leather Sport Utility 4D, V.I.N. 5GAKVCED5CJ210973 ("vehicle"); and

WHEREAS Steward files a Motion for Relief from the Automatic Stay and Codebtor Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and Steward seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The delinquency is $11,064.72 in post-petition arrears plus $313.00 in attorney's fees and costs as of March 1, 2022.

2. The Debtor shall make an immediate direct payment of $1,000.00 to the Movant.

3. The Debtor shall file an amended Chapter 13 plan providing payment of the remaining arrears, totaling $10,377.72 within 10 days of the entry of this Stipulation.

4. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $486.03 due on March 27, 2022, and all such future payments due on the 27th of each month thereafter.

5. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments and Debtor fails to cure said default within fifteen (15) days after notice by Steward (or its counsel) of said default, counsel for Steward may file a Certification of Default with the Court setting forth Debtor's default and Steward shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301), and Steward is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and Steward may file a Certification of Default.

6. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fail to make payment in accordance with this paragraph, then

Steward, through counsel, may file a Certification of Default setting forth said failure and Steward shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301) and Steward is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

7. The failure by Steward, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Steward's rights hereunder.

8. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

9. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

_____
Ashely M. Chan
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:    $11,064.72
Counsel Fees:             $   313.00
**Total:**                *$11,377.72*

Steward Financial Services (c/o Westlake Portfolio Management)
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 3/7/22

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Joseph M. Tinney**
By Counsel for Debtor: Brad J. Sadek, Esquire

By: /s/ Brad J. Sadek
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED: 3/7/22

**Chapter 13 Trustee**

By:  /s/ Jack Miller
Kenneth E. West, Trustee
1234 Market Street – Suite 1813
Philadelphia, PA 19107
(215) 627-1377

** The Standing Trustee has indicated that he has no objection to its terms without prejudice to any of his rights and remedies, and has authorized us to affix his electronic signature.

Please send copies to:

Joseph M. Tinney
419 Tanner Road
Hatboro, PA 19040

Susan P. Tinney
419 Tanner Road
Hatboro, PA 19040

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

Kenneth E. West
1234 Market Street – Suite 1813
Philadelphia, PA 19107

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130